UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CORNELIUS RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) Case: 1:23-cv-01085 |
| | ) |
| v. | ) |
| | ) |
| RIVIAN AUTOMOTIVE, LLC D/B/A | ) |
| MACLELLAN SERVICES, | ) Jury Trial Demanded |
| | ) |
| Defendant. | ) |

## COMPLAINT

**NOW COMES** Plaintiff, Cornelius Richardson ("Plaintiff"), by and through the undersigned counsel, filing this Complaint against Rivian Automotive, LLC d/b/a MacLellan Services ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendant's race discrimination under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

5. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent have been fulfilled or been complied with.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9. This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

10. At all times material to the allegations of this Complaint, Plaintiff resided in McLean County, Illinois.

11. At all times material to the allegations in this Complaint, Defendant was a corporation doing business in and for McLean County, Illinois, whose address is 2450 Electric Avenue, Normal, Illinois.

## BACKGROUND FACTS

12. Plaintiff (African-American) began working for Defendant as a Team Member on or about December 20, 2021.

13. Since at least February 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

14. On or around February 5, 2022, was subjected to ignorant, racially motivated

2

comment from a Team Lead ("Todd").

15. Todd spoke about how he loved "Black girl's bodies" and he knew Plaintiff liked "barbecue, corn, cookouts, and I know **you guys** like watermelon too."

16. Plaintiff was taken aback by Todd's comments.

17. On or around February 7, 2022, Plaintiff made a mistake during training. After making this mistake, Plaintiff was insulted by a coworker "Jordan" who stated "That's not going to work Buckwheat."

18. Plaintiff immediately reported the comment to his supervisor, whose only action was to move Plaintiff a few steps down the line.

19. On or around June 8, 2022, Plaintiff was called the n-word by a coworker "James".

20. On or around July 21, 2022, a coworker named "Pamela" created a black face statue and placed it on Plaintiff's desk.

21. Plaintiff immediately reported the statue to his manager "Michael". Michael took the complaint to human resources, but human resources said there was nothing they could do.

22. On or around July 28, 2022, Plaintiff had a zoom manager with Michael, HR Manager "Steven", and another team member. During this meeting Steven asked Plaintiff to just ignore the racist and offensive comments being made toward him, suggesting to just not let it bother him and to not "take them to heart."

23. No action has been taken to curb the racist and discriminatory conduct.

## COUNT I
### Race-Based Discrimination in Violation of 42 U.S.C. § 1981

24. Plaintiff repeats and re-alleges paragraphs 1-23 as if fully stated herein.

25. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts,

regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

26. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

27. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

28. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

## COUNT II
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.**
**Race-Based Discrimination**

29. Plaintiff repeats and re-alleges paragraphs 1-23 as if fully stated herein.

30. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

31. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

32. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

33. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is

entitled to all legal and equitable remedies under Title VII.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.
### Race-Based Harassment

34.     Plaintiff repeats and re-alleges paragraphs 1-23 as if fully stated herein.

35.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his race (African-American), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

36.     Defendant knew or should have known of the harassment.

37.     The race harassment was severe or pervasive.

38.     The race harassment was offensive subjectively and objectively.

39.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to his race (African-American).

40.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

      a.     Back pay with interest;

      b.     Payment of interest on all back pay recoverable;

      c.     Compensatory and punitive damages;

      d.     Reasonable attorneys' fees and costs;

  e.  Award pre-judgment interest if applicable; and

  f.  Award Plaintiff any and all other such relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 27th day of February, 2023.

              /s/ *Alexander J. Taylor*
              **Alexander J. Taylor, Esq.**
              **SULAIMAN LAW GROUP LTD.**
              2500 S. Highland Avenue, Suite 200
              Lombard, Illinois 60148
              Phone (331) 272-1942
              Fax (630) 575 - 8188
              ataylor@sulaimanlaw.com
              *Attorney for Plaintiff*